UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HARBOR GRAND HOLDING**
**COMPANY, LLC and TIMBERS**
**HOLDING COMPANY, LLC**                                                                 **PLAINTIFFS**

**V.**                          **CASE NO. 4:23-CV-00768-LPR**

**ADIVO CONSTRUCTION CORP.**
**and ZVI LEVIN**                                                                                  **DEFENDANTS**

## AGREED PROTECTIVE ORDER

The instant litigation may involve requests, testimony or document production containing confidential, proprietary, and commercially sensitive information and documentation of the parties. For this reason, the Court enters this Protective Order to ensure the confidentiality of such information and documentation. The Court holds that the following procedures and provisions apply to discovery in this civil action (the "Action") in order to protect information of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties.

**1.  Scope.** All materials produced or adduced in the course of discovery, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom, shall be subject to this Order concerning designations of Confidential Information, as defined below. This Order is subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.  Definitions.**

(a)  **"Party"** means any plaintiff, defendant, counter-plaintiff, counter-defendant, third-party plaintiff, third-party defendant, intervenor, or other party in this Action, and any plaintiff, defendant, or other party that may be joined in this Action, regardless of any counter designations.

1

(b) **"Non-Party"** means any person or entity not a Party who produces Materials in response to a subpoena or other process in this Action.

(c) **"Material"** is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

(d) **"Confidential Information."** As used in this Order, "Confidential Information" means: (i) information protected from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, development, or commercial information that the Party or Non-Party has maintained as confidential; (iv) personal identity information; (v) personal and business financial records, including but not limited to bank accounts, credit card statements, tax returns, and financial statements; (vi) any and all records pertaining to business entities of any Party or Non-Party; (vii) personnel or employment records of a person who is not a Party to the case; and/or (viii) documentation of income of Party or Non-Party. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

(a) A Party or Non-Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Confidential Information and on all copies in a manner that will not interfere with the legibility of the document, or if such words cannot be placed or affixed to the document, by designating in writing that the document is Confidential Information subject to protections hereunder. As used in this Order, the term "copy" or "copies" includes electronic images, duplicates, extracts, summaries, descriptions, or correspondence from counsel of record that contain the Confidential Information. Subject to Section 15 below, the marking

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", shall be applied prior to or at the time the documents or information are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked.

(b) A Party or Non-Party may designate a document as Confidential Information only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information as defined in this Order.

4. **Depositions.** No later than thirty (30) days after receipt of the deposition transcript, a Party or Non-Party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order unless counsel or another party objects, which will result in the parties taking the matter before the court. A Party or Non-Party may also designate all or any part of the deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. To the extent possible, counsel should identify, on the record, when the protected designation begins and ends. The remainder of the deposition that is not designated as "Confidential" on the record during the deposition shall be deemed Confidential Information until the thirtieth (30th) day after receipt of the deposition.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the Parties, counsel (in-house or outside) for the Parties or any other persons identified in

subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Notwithstanding the foregoing, this Order does not restrict the right of the Party or Non-Party that produces his, her, or its own Confidential Information to use such Confidential Information in any manner they deem appropriate. A Party's or Non-Party's use of their own Confidential Information will not be deemed a waiver of the Party's or Non-Party's rights to insist on compliance with this Order.

(b) **Limited Third-Party Disclosures**. The Parties and counsel (in-house and outside) for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information as marked under Section 3(a) of this Order:

(1) **Counsel.** Counsel (in-house and outside) for the parties and employees of counsel who have responsibility for the preparation and trial of the Action;

(2) **Parties.** (i) Individual parties; and (ii) employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the pursuit or defense of the litigation;

(3) **The Court.** The United States District Court for the Eastern District of Arkansas, court personnel, and any jury empaneled in this Action;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Mediators.** Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

(6) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(7) **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound;

(8) **Author.** The person or entity that wrote or received the document or gave the testimony designated as Confidential Information;

(9) **Witnesses at depositions.** Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(10) **Others by Consent or Court Order.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Before any person described in Paragraphs 5(b)(6), 5(b)(7), 5(b)(9), 5(b)(10) is given access to Confidential Information, the person will review this Order and agree in writing (by

signing the Acknowledgment attached as Exhibit A) to be bound by this Order. A copy of the Acknowledgment will be retained by counsel disclosing Confidential Material until the conclusion of this Action, including all appeals.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. **Filing of Confidential Information**. Any Confidential Information disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the Material is to be filed on the public docket, with the unredacted version delivered in hard or electronic copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

7. **No Greater Protection of Specific Documents.** No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8. **Withdraw of Designation.** Any Party or Non-Party may, at any time, withdraw the Confidential Information designation of any Material produced by that Party or Non-Party.

9. **Challenges by a Party to Designation as Confidential Information.** For purposes of this Action, no Party concedes that any Material designated by any other designator as Confidential Information should be treated as Confidential Information. A Party will not be obligated to challenge the propriety of the designation of Material as Confidential Information at the time made, and the failure to do so will not preclude a later challenge in this or any other action.

The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge:

(a) **Meet and Confer.** A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party or Non-Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party or Non-Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties and Non-Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Use of Confidential Documents or Information at Hearing or Trial.** Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. Notwithstanding the foregoing, nothing in this

Protective Order automatically entitles a party to a sealed courtroom or transcript during any part of the trial.

**11.    Confidential Information Subpoenaed or Ordered to be Produced in Other Litigation.**

(a)    If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Material designated in this action as Confidential Information, the receiving Party must immediately notify the designating Party in writing, within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issued in the other litigation that some or all of the Material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control, Confidential Information by any other Party to this case.

12. **Obligations on Conclusion of Litigation.**

(a) Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information of a producing Party in the possession, custody, or control of a receiving Party under this Order, including copies, shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents, and certifies to the producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain one complete set of all documents filed with the Court, including those filed under seal; and any attorney-work product, including an index which refers or relates to designated Confidential Information, so long as, that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or

material designated Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**15.    Inadvertent Failure to Designate.**  The inadvertent failure to designate or withhold any Material as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party or Non-Party from designating the Material as Confidential Information at a later date in writing and with particularity.  The Material will be treated by the receiving Party as Confidential Information from the time the receiving Party is notified in writing of the change in the designation.  If a Party produced the information without a designation, the protections afforded the Confidential Information can only be ensured as of the date and time the receiving Party is notified of such designation.

**16.    Inadvertent Disclosure of Privileged Information.**

**(a)**    The inadvertent disclosure of Material covered by the attorney-client privilege, work-product protection, or another privilege will be governed by Federal Rule of Evidence 502 and this Protective Order.

**(b)**    If, in connection with the pending litigation, a Party or Non-Party inadvertently discloses information subject to a claim of attorney-client privilege, work-product protection, or another privilege ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the producing Party or Non-Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

**(c)**    If a claim of inadvertent disclosure is made by a producing Party or Non-Party with respect to Inadvertently Disclosed Information, the receiving Party will, within five (5)

business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all Inadvertently Disclosed Information has been returned or destroyed.

**(d)** Within thirty (30) days of the notification that Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or Order of the Court, the producing Party or Non-Party will produce a privilege log with respect to the Inadvertently Disclosed Information.

**(e)** The Parties agree that pursuant to Rule 502(d): (1) a statement by a producing Party or Non-Party that production of Inadvertently Disclosed Information was inadvertent will be dispositive, but such statement will not be dispositive as to whether the Material is protected by any privilege or work product protection; (2) the Parties have taken reasonable steps to prevent disclosure of privileged material; and (3) a producing Party or Non-Party will be deemed to have taken prompt and reasonable steps to rectify the Inadvertently Disclosed Information if it notifies the receiving Party within fourteen (14) business days of it learning of the inadvertent production.

**(f)** Nothing in this Order will limit the right of any Party to seek an order compelling production of Inadvertently Disclosed Information, or an in-camera review of the Inadvertently Disclosed Information.

**17.** **No Waiver.** This Protective Order will not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing Material.

IT IS SO ORDERED THIS 28th day of April 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Protective Order entered in *Harbor Grand Holding Company, LLC, et al. v. Adivo Construction Corp.*, Case No. 23-cv-00768 in the United States District Court for the Eastern District of Arkansas. The undersigned acknowledges that he/she understands the terms of the Protective Order and the obligations the Protective Order imposes upon him/her, including the obligation to use documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

_____
Printed Name

Date: _____  _____
Signature